# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EARL HEWING,<br><br>    Defendant. | No. 08-mj-345<br><br>ORDER FOR PRETRIAL DETENTION |

On the 3rd day of October, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by Attorney Sara Linn Smith.

## RELEVANT FACTS

On September 30, 2008, Defendant Earl Hewing was charged by Criminal Complaint (docket number 1) with distribution of heroin within 1,000 feet of a school. Following a Preliminary Hearing held contemporaneously with the instant hearing regarding detention, the Court found probable cause to believe that a crime was committed and that Defendant committed it. Accordingly, Defendant was bound over for further action by the Grand Jury.

Steven Warner, an officer with the high risk unit of the Iowa Department of Correctional Services assigned to the DEA Task Force, testified regarding the circumstances surrounding Defendant's arrest. On September 10, 2008, an undercover officer contacted Tim Brooks in order to arrange for the purchase of heroin. Brooks was apparently unavailable, but said he would contact "my brother." Brooks called the undercover officer back, set up a meeting at the McDonald's on First Avenue in Cedar

1

Rapids, and gave the undercover officer Defendant's phone number. The conversation was recorded.

The undercover officer then called Defendant and confirmed the meeting at McDonald's. The undercover officer met Defendant at McDonald's at approximately 11:00 a.m. Defendant got into the undercover officer's vehicle and delivered four bindles of heroin in exchange for $200. The transaction was recorded and photographs were taken at the scene. The substance later tested positive for heroin.

On the afternoon of the same day, the undercover officer called Tim Brooks again in order to arrange for the purchase of heroin. Brooks advised the undercover officer to call "my brother." The undercover officer called Defendant and set up a second meeting at McDonald's. At the second meeting, Defendant again delivered four bindles of heroin to the undercover officer in exchange for $200. The McDonald's on First Avenue in Cedar Rapids is within 1,000 feet of a school or park.

Following the second transaction, Defendant was arrested for driving while barred. Cash totaling $750 was found on his person, including $400 of pre-serialized money which was used to purchase the heroin during the two transactions. Officer Warner testified that he was present at the scene during both transactions and observed Defendant get out of a vehicle and enter the undercover officer's vehicle. While the transactions were apparently not videotaped, photos were taken at the scene.

According to the Pretrial Services Report, Defendant is 40 years old and has lived in Cedar Rapids for approximately the last 8 years. He married Kathy Jones in 2004, but they have been separated for the past two months. Defendant has two adult children living with their grandmother in Chicago, Illinois.

Defendant does not report any physical or mental health problems. Defendant experimented with marijuana and cocaine in 1990, but told the pretrial services officer that he has not used either drug since that time. Defendant has consumed alcohol, but told the pretrial services officer that he stopped drinking after his second OWI conviction.

Defendant has not been employed since May 2008, but reported that he was steadily employed for two years prior to that time through temporary employment services.

Defendant has a lengthy criminal record dating back more than 20 years. Defendant has been in prison in Illinois on three separate occasions, for burglary, armed robbery, and "manufacture/deliver cannabis." Defendant was last paroled in 1999, but his parole was apparently revoked when he failed to report to his parole officer.

Since moving to Cedar Rapids in 2000, Defendant has been convicted of interference with official acts, carrying a concealed weapon, operating while intoxicated first and second offense, and four separate charges of possession of a controlled substance. By the Court's count, Defendant also has three convictions for driving while suspended and fourteen convictions for driving while barred. (It should be recalled that Defendant was arrested for driving while barred on the date of the incidents which give rise to the instant charges.)

Defendant was also charged in Linn County in 2001 as a fugitive from justice, apparently relating to his parole revocation in Illinois. Defendant waived extradition and, according to his testimony at the hearing, served an additional 51 days in Illinois. Also in 2001 and 2002, warrants were issued for Defendant's arrest on four separate occasions following his failure to appear in court. Defendant was also convicted of voluntary absence in 2006. While visiting in Chicago during the summer of 2008, Defendant was arrested for possession of a controlled substance, although the disposition of that charge is unknown.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the

constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. As indicated above, the Court found following a Preliminary Hearing that there is probable cause to believe Defendant committed the offense identified in the Criminal Complaint. In a "presumption

case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with distribution of heroin within 1,000 feet of a school, in violation of 21 U.S.C. §§ 941 and 860. This charge establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Defendant argues that his numerous convictions since being released from prison in 1999 are misdemeanors, rather than felonies. Since 2001, Defendant has been convicted of four drug possession charges, with one pending in Illinois. He has also been convicted of carrying a concealed weapon, two OWIs, three drivings while suspended, and fourteen drivings while barred. While Defendant is presently living with his parents, his mother testified at the hearing that they intend to return to Illinois in approximately one month.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open

court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 1, 2008) to the filing of this Ruling (October 6, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 6th day of October, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA